UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

$32,789.00 in U.S. Currency,
Assorted Jewelry (Value: $35,580.00),
Assorted Jewelry (Value: $3,920.00),

        Defendants *in rem*.

_____/

Civil Case No.
Honorable

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* in this action were seized by law enforcement officers in the Eastern District of Michigan on or about February 11, 2022.

7. The Defendants *in rem* $32,789.00 in U.S. Currency,

Assorted Jewelry (Value: $35,580.00), and Assorted Jewelry (Value: $3,920.00), include the following specific assets:

- $32,789.00 in U.S. Currency;
- Stainless steel & 18k yellow gold Rolex Sky-Dweller with aftermarket diamonds Serial 2860M2H5, Model:326933;
- 10k yellow & white gold stamped "Juke" necklace 22 inches long;(2575) round brilliant cut diamonds;
- 10k yellow gold stamped rope chain; 22 inches long; 144.6 grams.
- 14k yellow gold tested "JG" pendant;
- 14k yellow gold stamped ring size 11.5 (50) baguette cut diamonds,2.3mm-3.5mm x 1.0mm;
- 14k yellow gold stamped earrings (14) round brilliant cut diamonds estimated 2.55 carats;
- Stainless steel & 18k yellow gold Rolex DateJust with aftermarket parts and diamonds Serial R440237, Model:69173; and
- 14k white gold stamped wedding ring set; size 7.25; (1)

3

round brilliant cut diamond 1.00 carat.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6)

9. Title 18, United States Code, Section 981(a)(1)(A), provides for the civil forfeiture of:

> (A) any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10. The Defendants *in rem* are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds

4

traceable to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

11. The Defendants *in rem* assorted jewelry are additionally forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. §§ 1956 and/or 1957. The Defendants *in rem* assorted jewelry were derived from proceeds of "specified unlawful activity" as the term is defined by 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1). Specified unlawful activity from which the Defendants *in rem* were derived from include, but are not limited to, controlled substance violations.

13. The facts supporting the forfeiture of the Defendants *in rem* include, but are not limited to, the following:

14. On or about February 11, 2022, law enforcement officers executed a court authorized search warrant at a residence located at 14XXX Artesian Street in Detroit, Michigan (the "Artesian residence"). The Artesian residence is in the Eastern District of Michigan.

15. During the execution of the search warrant at the Artesian

residence officers seized several plastic baggies containing fentanyl from the countertop of the kitchen. Through training and experience, it is known to law enforcement officers that drug traffickers often package narcotics for sale and distribution in plastic baggies. Officers also located seven digital scales, three hydraulic kilo presses, a money counter, a "money book" ledger used to track cash activity for drug trafficking, and two loaded firearms in the kitchen of the Artesian residence. Collectively these items are instruments of drug trafficking. Drug traffickers keep firearms near their drugs for the purpose of protecting their drugs and drug proceeds.

16. A total of $32,789.00 in U.S. currency was seized from the Artesian residence. A portion of the currency was located by officers in a black bag on the floor next to a nightstand in the bedroom. Additional currency was found in an orange bucket on the floor of the living room.

17. The Defendant *in rem* assorted jewelry was seized from various locations in the Artesian residence. This included two rings from a black backpack on the floor of the master bedroom, a Rolex watch on the dresser in the master bedroom, gold and diamond

earrings and a ring from the kitchen, gold and diamond pendants from the living room, and one Rolex watch from the dining room. Additional loaded firearms were also seized from the bedroom of the Artesian residence.

18. During the execution of the search warrant a narcotic detecting K9 conducted a sweep of the Artesian residence. The K9 alerted to the scent of narcotics and money in numerous areas throughout all three levels of the residence.

19. The Artesian residence was searched based on the drug trafficking activity of the one of the residents in the home. Prior to the search of the home, on multiple occasions the resident conducted narcotics transactions and then returned to the Artesian residence. Based on the findings of the investigation, including but not limited to the search warrants seizures and facts noted here, the Defendants *in rem* constitute property derived from controlled substance violations and/or property involved in money laundering.

## **CLAIM**

20. The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in

7

Paragraphs 1 through 19 above, including their subparts.

21. The Defendants *in rem* are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents monies used or intended to be used to facilitate a violation of Title 21 of the United States Code.

22. The Defendants *in rem* assorted jewelry are additionally forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957.

## **RELIEF**

Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendants *in rem* be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as

this Court may deem just and proper, together with the costs and disbursements of this action.

                                  Respectfully submitted,

                                  DAWN N. ISON
                                  United States Attorney

                                  <u>s/Gjon Juncaj</u>
                                  GJON JUNCAJ (P63256)
                                  U.S. Attorney's Office
                                  211 W. Fort Street, Ste. 2001
                                  Detroit, MI 48226
                                  (313) 226-0209
Dated:                           gjon.juncaj@usdoj.gov

## **VERIFICATION**

I, Brandon Bidus, state that I am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

*Brandon Bidus*
Brandon Bidus, Task Force Officer
Drug Enforcement Administration

Dated: