UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

$32,789.00 in U.S. Currency,
Assorted Jewelry (Value: $35,580)
Assorted Jewelry (Value: $3,920)

    Defendant *in Rem*.

CIVIL NO.: 24-cv-10239
HON. Judith E. Levy

| Gjon Juncaj | Barton Morris (P54701) |
|---|---|
| Assistant United States Attorney | The Law Offices of Barton Morris |
| 211 W. Fort Street | Counsel for Defendant *in Rem* |
| Suite 2001 | 801 W Big Beaver St. Suite 600 |
| Detroit, MI 48226-3211 | Troy, Michigan 48084 |
| 248-330-3146 | (248) 541-2600 |
| gjon.juncaj@usdoj.gov | barton@bartonmorris.com |

## CLAIMANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FORFEITURE

NOW COMES Claimant by and through their attorney, BARTON MORRIS, and for their Answer states as follows:

### JURISDICTION AND VENUE

1. Claimant admits this is an *in rem* proceeding for forfeiture of currency and personal property pursuant to 21 U.S.C § 881(a) (6) and 18 U.S.C. § 981 (a) (1) (A).

1

2. Claimant admits that the Court has original jurisdiction over this proceeding pursuant to 28 U.S.C § 1345.

3. Claimant admits that the Court has jurisdiction and venue over this action pursuant to 28 U.S.C § 1355 (b) (1) (A).

4. Claimant admits that the venue is proper before this Court pursuant to 28 U.S.C § 1391 (b)(2).

5. Claimant admits that the venue is proper before this Court pursuant to 28 U.S.C § 1395 (b).

## JURISDICTION AND VENUE

6. Claimant admits they were seized by law enforcement officers in the Eastern District of Michigan on or about February 11, 2022.

7. Claimant admits a search was conducted by the officers that seized a total of $32,789.00 in U.S Currency, Assorted Jewelry (Value: $35,580.00) and Assorted Jewelry (Value: $3,920.00).

8. Claimant admits that Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes.

9. Claimant admits that Title 18, United States Code, Section 981 (a) (1) (A) provides the definition of civil forfeiture.

10. Claimant denies the allegations in Paragraph 10 of Plaintiff's Complaint and further states that the property was not derived from narcotics crimes.

11. Claimant denies the allegations in Paragraph 10 of Plaintiff's Complaint and further states that the property was not derived from "specified unlawful activity."

12. Claimant notes that Paragraph 12 is missing; therefore, we are unable to respond.

13. Claimant denies the allegations in Paragraph 13 of Plaintiff's Complaint as untrue.

14. Claimant admits that on or around February 11, 2022, law enforcement officers executed a Court authorized search warrant at a residence located at 14XXX Artesian Street in Detroit, Michigan.

15. Claimant admits nor denies the allegations contained in Paragraph 15 as there is no factual basis.

16. Claimant admits that a total of $32,789.00 in U.S. currency was seized from the Artesian residence.

17. Claimant admits that assorted jewelry was seized from various locations in the Artesian residence.

18. Claimant neither admits nor denies the allegations contained in Paragraph 18.

19. Claimant neither admits nor denies the allegations contained in Paragraph 19.

## **CLAIM**

20. Claimant restates and re-alleges each and every answer to the allegations set forth in Paragraphs 1 through 19 above, including their subparts.

21. Claimant denies the allegations contained in Paragraph 21 as the property which was furnished or was intended to be furnished was not to be exchanged for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange.

22. Claimant neither admits nor denies the allegations contained in Paragraph 22.

**Claimant denies any and all allegations not specifically admitted above.**

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint should be dismissed due to the lack of subject matter jurisdiction.

2. Plaintiff's Complaint should be dismissed for failure to state a claim.

3. Claimant reserves the right to amend its Affirmative Defenses throughout the course of discovery.

Respectfully Submitted,

/s/Barton W. Morris, Jr.
Barton W. Morris, Jr. (P54701)
The Law Offices of Barton Morris
Counsel for Defendant in Rem
801 W Big Beaver St. Suite 600
Troy, Michigan 48084
(248) 541-2600
barton@bartonmorris.com

Dated: May 16, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

$32,789.00 in U.S. Currency,
Assorted Jewelry (Value: $35,580)
Assorted Jewelry (Value: $3,920)

    Defendant *in Rem*.

CIVIL NO.: 24-cv-10239
HON. Judith E. Levy

| | |
|---|---|
| Gjon Juncaj<br>Assistant United States Attorney<br>211 W. Fort Street<br>Suite 2001<br>Detroit, MI 48226-3211<br>248-330-3146<br>gjon.juncaj@usdoj.gov | Barton Morris (P54701)<br>The Law Offices of Barton Morris<br>Counsel for Defendant *in Rem*<br>801 W Big Beaver St. Suite 600<br>Troy, Michigan 48084<br>(248) 541-2600<br>barton@bartonmorris.com |

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: AUSA Gjon Juncaj.

                    Respectfully Submitted,

                    /s/Barton W. Morris, Jr.
                    Barton W. Morris, Jr. (P54701)
                    The Law Offices of Barton Morris
                    Counsel for Defendant in Rem
                    801 W Big Beaver St. Suite 600
                    Troy, Michigan 48084
                    (248) 541-2600
                    barton@bartonmorris.com